## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **WILLIE THORNTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | ) **CASE NO. 3:10-0076** |
| | ) **JUDGE ECHOLS/KNOWLES** |
| | ) |
| | ) |
| **STATE OF TENNESSEE BOARD OF** | ) |
| **PROBATION AND PAROLE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Judge Echols has referred this pro se, in forma pauperis action to the undersigned.

Docket No. 4.  Plaintiff, an inmate in the custody of the Tennessee Department of Correction,

has filed a Complaint against the members of the Tennessee Board of Probation and Parole.

Docket No. 1.  Plaintiff's Complaint avers that he was convicted by a jury of first degree murder

and using a firearm in the commission of a felony.  He received a life sentence on the murder

charge and a consecutive 5-year sentence on the firearm charge.  Although the Complaint does

not mention this fact, Plaintiff's conviction occurred in 1988.  *See Willie Edward Thornton v.*

*State of Tennessee,* 1999 WL 135005 (Tenn. Ct. Crim. App.).

Plaintiff further avers that, on February 19, 2009, he had a parole hearing to determine

whether or not he was suitable for parole.  Docket No. 1, p. 5.  The parole hearing officer,

Defendant Joe Hill, recommended at the conclusion of the parole hearing that Plaintiff "be

denied suitable for parole: *due to the seriousness of the commitment offense.*"  *Id.* (italics in

original).  Plaintiff succinctly states his legal claim as follows: "The defendants' denial of plaintiff suitable for parole *based on the immutable facts of the commitment offense*, violates plaintiff's due process right under the fourteenth amendment to the United States Constitution." Docket No. 1, p. 6.

When screening a prisoner complaint under the Prison Litigation Reform Act, a district court must evaluate the claim under both 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Both those provisions require a court to dismiss a complaint that fails to state a claim upon which relief may be granted.  The standard of review under these separate statutes is essentially the same.  *See McGore,* 114 F.3d at 608.

In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.  *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Id.*  A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face."  *Id.* at 1965, 1974.  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

The Court is required to construe the Complaint in the light most favorable to the Plaintiff and to accept all well-slated pleaded allegations of fact as being true.  *Collins v. Nagle,* 892 F.2d 489, 493 (6th Cir. 1989).  Despite the Court's responsibility to liberally construe the

2

Complaint in the Plaintiff's favor, however, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

In discussing a somewhat similar § 1983 claim by a Tennessee prisoner alleging that his right to due process was denied by the Parole Board, the Sixth Circuit stated in part as follows:

> [Plaintiff's] due process claim has no arguable basis in law.
> [Plaintiff] has neither an inherent constitutional right to parole nor

3

a protected liberty interest created by mandatory state parole laws.
. . . Because [Plaintiff] has no substantive liberty interest in parole,
he cannot challenge the procedures used to deny him parole.

*Berry v. Traughber,* 2002 WL 1879961 at **2 (citations omitted).  The *Berry* Court cited *Wright*

*v. Trammell*, 810 F.2d 589 (6th Cir. 1987), for the proposition that the Rules of the Tennessee

Board of Parole do not create a protected liberty interest.

Additionally, there is a Tennessee statute that addresses grounds for denying parole,

stating in part:

(b) Release on parole is a privilege and not a right, and no inmate
convicted shall be granted parole if the board finds that:

. . .

(2) The release from custody at the time would
depreciate the seriousness of the crime of which the
defendant stands convicted or promote disrespect
for the law . . . .

T.C.A. § 40-35-503(b)(2).

Moreover, as the Sixth Circuit has also stated, "Due process in parole proceedings is

satisfied as long as the procedure used affords the inmate an opportunity to be heard, and, if

parole is denied, the parole board informs the inmate of the basis upon which it denied parole."

*Swihart v. Wilkinson*, 2006 WL 3368823 (6th Cir.) at **3, *citing Greenholtz v. Inmates of Neb.*

*Penal & Corr. Complex,* 442 U.S. 1, 16 (1979).  *See also Seagroves v. Tennessee Board of*

*Probation and Parole,* 2003 WL 22976652 (6th Cir.).   Plaintiff's Complaint in the case at bar

establishes that Plaintiff did have a parole hearing and that he was advised of the basis upon

which he was denied parole.  Docket No. 1, p. 5.

With his Complaint, Plaintiff filed a "Memorandum of Law in Support of Title 42

4

U.S.C.A., Section 1983 Civil Rights Complaint." Docket No. 2. For present purposes, it is sufficient to note that Plaintiff relies primarily upon four cases from the Ninth Circuit, all of which involve parole as it exists in the state of California. Docket No. 2, p. 8-9. Significantly, the Ninth Circuit has determined that the California parole statute does create a cognizable liberty interest in release on parole. This is a critical difference from parole as it exists in the state of Tennessee. Furthermore, in three of the four cases cited by Plaintiff, the Ninth Circuit upheld the California parole board's decision not to release the inmate on parole. The fourth case involved a situation in which the California parole board had recommended the release of the prisoner on parole, but the Governor rejected that recommendation. In short, the Ninth Circuit cases cited by Plaintiff are not persuasive authority under the circumstances of the case at bar.

For the foregoing reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and the undersigned recommends that this action be DISMISSED WITH PREJUDICE.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

---

[1] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie,* 452 U.S. 394, 399 n.3 (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

5

Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge