# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **WILLIE THORNTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:10-0076 |
| v. | ) | **JUDGE ECHOLS** |
| | ) | |
| **STATE OF TENNESSEE BOARD OF** | ) | |
| **PROBATION AND PAROLE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court are the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on February 3, 2010 (Docket Entry No. 6) and Plaintiff's Objection To The Report and Recommendation Of United States Magistrate Judge (Docket Entry No. 10). The Magistrate Judge reviewed the *pro se* Complaint brought under 42 U.S.C. § 1983 alleging a due process violation in the denial of state parole and recommended that this Court dismiss the Complaint with prejudice for failure to state a claim. Plaintiff filed a short objection asking the Court to reject the analysis of the Magistrate Judge and rely instead on the California cases cited in Plaintiff's Memorandum of Law filed in support of the Complaint.

When objections are filed to an R&R, the Court must determine de novo any part of the Magistrate Judge's disposition to which proper objection has been made and accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the Magistrate Judge with instructions. Fed.R.Civ.P. 72(b)(3).

The Court has conducted the necessary de novo review by examining the entire file in this case. The Magistrate Judge correctly concluded that Plaintiff's Complaint fails to state a claim and

1

should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1). Plaintiff does not have a protected liberty interest created by state parole laws and therefore, he cannot challenge the procedures used to deny him parole. Wright v. Trammell, 810 F.2d 589 (6th Cir. 1987). Additionally, a Tennessee statute provides that release on parole is a privilege, not a right, and no inmate shall be granted parole if the board finds that the "release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted[.]" Tenn. Code Ann. § 40-35-503(b)(2). This is precisely the reason the parole board gave to Plaintiff for denying him parole. See Seagroves v. Tennessee Board of Probation and Parole, 2003 WL 22976652 (6th Cir. 2003) (due process is satisfied as long as inmate has opportunity to be heard and parole board gives reason for denying parole). California has recognized a liberty interest in parole and that state's statutes are different from Tennessee's. Accordingly, the California law Plaintiff cited is of no assistance to Plaintiff in this case. Finding no error of fact or law in the Magistrate Judge's analysis,

(1) Plaintiff's Objection to the Report and Recommendation of United States Magistrate Judge (Docket Entry No. 10) is hereby OVERRULED;

(2) the R&R (Docket Entry No. 6) is hereby ACCEPTED;

(3) the Complaint is hereby DISMISSED WITH PREJUDICE for failure to state a claim; and

(4) entry of this Order on the docket shall constitute entry of final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

*[signature]*

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE